■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMARA GARNER, Appellant. [788 NYS2d 607]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered September 20, 2002, convicting defendant, after a jury trial, of promoting prostitution in the second and third degrees, endangering the welfare of a child and criminal solicitation in the fourth degree, and sentencing her to an aggregate term of 2 to 6 years, unanimously modified, on the law, to the extent of vacating the conviction for promoting prostitution in the third degree and dismissing that count of the indictment, and otherwise affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor provided a facially race-neutral explanation for the peremptory challenge at issue. Even when the prosecutor's remarks on the *Batson* issue are viewed as a whole, the record does not support defendant's assertion that the prosecutor ultimately revealed a race-based motive. The court's finding that the prosecutor's nondiscriminatory explanation was not pretextual is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant's claim regarding alleged disparate treatment of similarly situated prospective jurors is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be unsupported by the record.

As the People concede, the third-degree promoting prostitution count should have been dismissed as a lesser included of-

fense of second-degree promoting prostitution. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and Williams, JJ.